UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

UNITED STATES OF AMERICA,

Plaintiff,

v.

LADEL BAPTISTE HARRISON,

Defendant.

NO.   CR-03-0016-RHW

**ORDER DENYING MOTION TO MODIFY AND CORRECT SENTENCE PURSUANT TO TITLE 28 U.S.C. § 2255**

Before the Court is Defendant Ladel Harrison's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Ct. Rec. 190).  On March 1, 2005, Defendant was found guilty by a jury of one count of felon in possession of a firearm.  On June 17, 2005, this Court sentenced Defendant to 235 months incarceration, 5 years supervised release, and a $100 special penalty assessment, after finding that he qualified as an armed career criminal under the Sentencing Guidelines.  Defendant filed a direct appeal on June 27, 2005.  On May 10, 2007, Defendant filed his Petition for Writ of Habeas Corpus, pursuant [to] 28 U.S.C. § 2255.

### BACKGROUND

On January 24, 2003, Defendant was indicted with one count of Felon Possession of a Firearm, 18 U.S.C. § 922(g)(1).  Defendant was transferred to the Eastern District of Washington after his initial appearance in the Western District. The Federal Defenders of the Eastern District of Washington and Idaho

**ORDER DENYING MOTION TO MODIFY AND CORRECT SENTENCE PURSUANT TO TITLE 28 U.S.C. § 2255 * 1**

1    represented him at that time.  Defendant filed a Suppression Motion on April 22,
2    2003, and the Government responded on May 2, 2003.  Defendant asked for a
3    continuance on the motion, which was granted, but plea negotiations resulted in
4    Defendant entering a plea of guilty on July 10, 2003.  On October 1, 2003, prior to
5    the sentencing hearing scheduled on October 2, 2003, Defendant's appointed
6    counsel made a motion to withdraw and substitute counsel as Defendant believed
7    he was coerced into pleading guilty, the relationship had broken down and he
8    wanted to withdraw his plea.  On October 10, 2003, after an *ex parte* hearing, this
9    Court granted the motion to withdraw.  The Court also ordered that if after being
10    appointed new counsel Defendant still desired to withdraw his guilty plea his new
11    counsel should submit a written motion.  Leslie Weatherhead was appointed as
12    Defendant's new attorney.

13        This Court then granted three continuances on the sentencing hearing on Mr.
14    Weatherhead's motions, each for more time to investigate the case and the
15    concerns of Defendant.  Sentencing was ultimately scheduled for April 29, 2004.
16    On April 23, 2004, defense counsel filed a Renewed Motion to Suppress.  The
17    Court reserved ruling on the Renewed Suppression as Defendant's Motion to
18    Withdraw remained outstanding.  Sentencing was continued again on defense
19    counsel's motion to determine competency issues.  After a determination that
20    Defendant was competent, defense counsel filed a written motion to withdraw the
21    plea of guilty.  The Court granted that motion and withdrew Defendant's guilty
22    plea on December 23, 2004, setting a hearing for Defendant's motion to suppress.
23    After hearing evidence on that motion, the Court denied Defendant's motion to
24    suppress on February 14, 2005, and set trial for February 28, 2005.  After a two-
25    day trial, a jury found Defendant guilty.  Defendant filed a motion for a new trial
26    which was denied on March 30, 2005.

27                                        D̲ISCUSSION̲

28        Under 28 U.S.C. § 2255, a federal prisoner may move the court to vacate, set

**ORDER DENYING MOTION TO MODIFY AND CORRECT SENTENCE
PURSUANT TO TITLE 28 U.S.C. § 2255** * 2

aside, or correct his or her sentence on the grounds that: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such sentence; (3) the sentence was not authorized by law; or (4) issues of collateral attack.   "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney." 28 U.S.C. § 2255.

Pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts ("Rule 4"), the Court must independently examine a § 2255 motion to determine whether summary dismissal is warranted.  Dismissal is appropriate if the movant's allegations, "viewed against the record, either fail to state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal."  *Marrow v. United States*, 772 F.2d 525, 526 (9th Cir. 1985).  If it plainly appears from the record that Defendant is not entitled to relief, the Court shall issue an order summarily dismissing the cause of action. Rule 4.  If, on the other hand, the Court determines that Defendant may be entitled to relief, the Court shall enter an order requesting the United States Attorney to file an answer.  *Id.*

 Defendant is proceeding *pro se*.  It appears that Defendant is asserting fourteen grounds for relief, summarized as follows:

(1) The indictment did not specify the *mens rea* necessary for the crime;

(2) The Government withheld exculpatory evidence during trial by failing to produce the two keys to show Defendant's residence at the apartment searched;

(3) The warrantless search was illegal;

(4) There was no nexus between Defendant's conduct on the streets where he was arrested and the search of his residence;

(5) The trial court erred in finding the search was justified under "exigent circumstances";

**ORDER DENYING MOTION TO MODIFY AND CORRECT SENTENCE PURSUANT TO TITLE 28 U.S.C. § 2255** * 3

(6) The trial court erred in finding that consent to search was given "freely and voluntarily";

(7) The officer's reliance on an absentee witness's statements was hearsay;

(8) The confidential informant did not testify and was not cross-examined (Confrontation Clause error);

(9) Defendant's seizure exceeded the scope of *Terry v. Ohio*;

(10) The officers improperly used Defendant's property seized during an inventory search to gain access to his apartment;

(11) The trial court erred in finding Defendant was an Armed Career Criminal;

(12) The Government failed to prove Defendant had four prior ACCA qualifying offenses;

(13) Defendant does not have the requisite number of prior qualifying offenses to justify a finding that he is an Armed Career Criminal;

(14) Ineffective assistance of counsel.

**I.    Timeliness**

A one-year period of limitation applies to petitions filed under 28 U.S.C. § 2255. The Ninth Circuit issued its opinion affirming this Court on June 7, 2006. Defendant's writ of certiorari was denied on October 3, 2006. Defendant timely filed his Petition on May 10, 2007.

**II.    Presentation of Claims and Ineffective Assistance**

Defendant admits, however, that Grounds 1 through 10 and Ground 14 have never before been raised on direct appeal. He asserts that he was unable to present these claims previously because he received ineffective assistance of counsel. "Where a defendant has procedurally defaulted a claim by failing to raise it on direct review, the claim may be raised in habeas only if the defendant can first demonstrate either 'cause' and actual 'prejudice' or that he is 'actually innocent.'" *Bousley v. United States*, 523 U.S. 614, 622 (1998) (citations omitted). "[B]oth for

**ORDER DENYING MOTION TO MODIFY AND CORRECT SENTENCE PURSUANT TO TITLE 28 U.S.C. § 2255** * 4

federal and state convictions, habeas review is not to substitute for an appeal." *United States v. Braswell*, 501 F.3d 1147, 1150 (9th Cir. 2007). A district court may raise the issue of procedural default *sua sponte* when the default is clear on the face of the petition. *See Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).

It appears that Defendant has failed to demonstrate cause and prejudice. "Generally, to demonstrate 'cause' for procedural default, an appellant must show that 'some objective factor external to the defense' impeded his adherence to the procedural rule." *United States v. Skurdal*, 341 F.3d 921, 926 (9th Cir. 2003) (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). However, if the record shows that counsel's performance fell below the standard of competency of counsel set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), or that he was denied representation by counsel on appeal altogether, he has demonstrated cause for his procedural default. *See Murray*, 477 U.S. at 488 ("Ineffective assistance of counsel, then, is cause for a procedural default."); *compare Allen v. Risley*, 817 F.2d 68, 69 (9th Cir.1987) ("Attorney error short of ineffective assistance of counsel does not constitute cause for a procedural default.") (citations omitted).

Thus, to determine whether Mr. Harrison has demonstrated cause and prejudice for his failure to raise his claims of error at trial or on direct appeal, the Court must decide whether he was denied effective assistance of counsel. Defendant must demonstrate that his counsel's performance fell below an objective standard of reasonableness, and that there is a reasonable probability that, but for counsel's unprofessional errors, he would have prevailed. *Strickland,* 466 U.S. 668.

Defendant asserts his counsel's performance was "deficient and prejudicial." He states defense counsel failed to call his key corroborating witness, Rebekah Durham, to the stand during trial; failed to interview the manager of the apartment building where the search took place; failed to get a copy of the lease agreement

**ORDER DENYING MOTION TO MODIFY AND CORRECT SENTENCE PURSUANT TO TITLE 28 U.S.C. § 2255** \* 5

for the apartment; failed to call the manager as a witness at either the suppression hearing or the trial; failed to interview the tenants of the apartment building or potential witnesses at the scene of the arrest; and that he failed to raise and argue Grounds 1 through 10 mentioned above. Defendant also claims defense counsel only had about half of the discovery in the case, and that he failed to impeach the Government's three witnesses.

To establish ineffective assistance of counsel, Defendant must show that counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687. Counsel's representation must fall below an objective standard of reasonableness. *Id*. at 688. Under the two-prong test, Defendant must establish both that his lawyer's performance was deficient and that the deficient performance prejudiced his defense. *Id*. at 687.

A deficient performance prejudices a defense if there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694; *Hill*, 474 U.S. at 59. Disagreement with a strategic or tactical decision of counsel is an insufficient basis for a claim of ineffective assistance. *See Guam v. Santos*, 741 F.2d 1167, 1169 (9th Cir. 1984). There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance, or what might be considered sound strategy. *Strickland*, 466 U.S. at 689.

The main body of Defendant's arguments focuses on defense counsel's failure to investigate and call additional corroborating witnesses, including his "main alibi witness," Ms. Durham, regarding Defendant's residence (or non-residence) at the apartment that was searched. Defendant asserts he was not a resident of the apartment, as the Court assumed in its Order denying his motion to suppress (Ct. Rec. 94), and that additional witnesses would have made this fact clear. However, the suppression Order makes plain that if the Court concluded

**ORDER DENYING MOTION TO MODIFY AND CORRECT SENTENCE PURSUANT TO TITLE 28 U.S.C. § 2255 * 6**

Defendant was not a resident of the apartment, then he would not have had standing to contest the search at all. (Id.). Accordingly, defense counsel did not breach his "duty to make reasonable investigations," *Strickland*, 466 U.S. at 691, by not contacting or calling other witnesses because there was no "reasonable probability" that "the result of the proceeding would have been different" even if defense counsel had called them. *Id.* at 694.

Defendant also asserts that defense counsel's failure to raise his first ten grounds for habeas relief is evidence of his attorney's ineffective assistance. However, disagreement with a strategic or tactical decision of counsel is an insufficient basis for a claim of ineffective assistance. *See Guam v. Santos*, 741 F.2d 1167, 1169 (9th Cir. 1984). There is a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance, or what might be considered sound strategy. *Strickland*, 466 U.S. at 689. "In evaluating the reasonableness of counsel's actions, a reviewing court must consider the circumstances at the time of counsel's conduct, and cannot 'second-guess' counsel's decisions or view them under the 'fabled twenty-twenty vision of hindsight.'" *Edwards v. Lamarque*, 475 F.3d 1121, 1127 (9th Cir. 2007) (internal citations omitted). Here, defense counsel Mr. Weatherhead did not raise the ten grounds listed above either at trial or in the direct appeal of this matter. However, his failure to make what likely would have been unsuccessful arguments does not amount to ineffective assistance under the deferential *Strickland* standard.

Therefore, ineffective assistance of counsel by Mr. Weatherhead was not the cause of the Defendant's failure to raise the ten grounds listed above, and those claims are procedurally barred.

## III.    Remaining Claims

Mr. Harrison's remaining claims were raised on direct appeal to the Ninth

**ORDER DENYING MOTION TO MODIFY AND CORRECT SENTENCE PURSUANT TO TITLE 28 U.S.C. § 2255 * 7**

Circuit.[1]  These three remaining grounds, that the trial court erred in finding Defendant was an Armed Career Criminal; the Government failed to prove Defendant had four prior ACCA qualifying offenses; and Defendant does not have the requisite number of prior qualifying offenses to justify a finding that he is an Armed Career Criminal, are related.  The Ninth Circuit directly addressed them in finding that this Court did not err in finding Defendant qualified for the ACCA sentencing enhancement.  The court found that only three prior felony convictions are necessary for the enhancement to apply, and, after reviewing the predicate offenses to ensure that they qualified, the court also found that Defendant has them in his record.

Defendant argues that the enhancement was improper because this Court found the convictions applied "only by preponderance of the evidence" and not by proof beyond a reasonable doubt as required by the Fifth and Sixth Amendments.  However, it is well-settled case law that "enhancements based on prior convictions need not be proven beyond reasonable doubt by a jury or admitted by the defendant to satisfy the Sixth Amendment."  *E.g.*, *United States v. Esparza-Gonzalez*, 422 F.3d 897, 907 (9th Cir. 2005).   Therefore, Defendant has failed to state a claim for which relief can be granted in his habeas petition.

Accordingly, **IT IS HEREBY ORDERED:**

1.   Defendant Ladel Harrison's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Ct. Rec. 190) is **DENIED**.

2.   Defendant's *Ex Parte* Motion for Appointment of Counsel (Ct. Rec. 193)

---

[1]  Defendant reiterates these claims in his Motion Pursuant to F.R.C.P. 52(b); F.R.Civ.P. 59(A) and *Blakely* "Actual Innocence" Claim (Ct. Rec. 194), in which he asserts the Court must find he committed his prior offenses beyond a reasonable doubt.  The Court's discussion of this portion of Defendant's habeas petition applies equally to that motion.

**ORDER DENYING MOTION TO MODIFY AND CORRECT SENTENCE PURSUANT TO TITLE 28 U.S.C. § 2255** * 8

1   is **DENIED**.

2   3. Defendant's Motion Pursuant to F.R.C.P. 52(b); F.R.Civ.P. 59(A) and

3   *Blakely* "Actual Innocence" Claim (Ct. Rec. 194) is **DENIED**.

4   **IT IS SO ORDERED.**  The District Court Executive is directed to enter

5   this order, to provide copies to Defendant and counsel, and to **close the file**.

6   **DATED** this 19th day of February, 2008.

7   *S/ Robert H. Whaley*

8   ROBERT H. WHALEY
    Chief United States District Judge

9

10

11

12

13

14

15

16

17

18   Q:\CRIMINAL\2003\Harrison, Ladel (MTS, ACCA)\deny.2255.wpd

19

20

21

22

23

24

25

26

27

28

**ORDER DENYING MOTION TO MODIFY AND CORRECT SENTENCE
PURSUANT TO TITLE 28 U.S.C. § 2255 * 9**